UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLTON LYONS,

    Plaintiff,

    v.                                                                                                CAUSE NO. 3:21-CV-126 DRL-MGG

HYATT HOTELS CORPORATION *et al.*,

    Defendants.

OPINION & ORDER

Carlton Lyons, a urogynecologist, was attending a medical conference at the Andaz Mayakoba Resort Riviera Maya in Mexico in 2019 when his golf cart shuttle lost control and struck some boulders. He sustained serious injuries. He sues the resort, owned by Hyatt Hotels, and the American Uro-Gynecologic Society that hosted the medical conference and chose its location. The defendants collectively ask the court to dismiss this case in favor of a forum in Mexico. Their motion became ripe for decision last month.

The court may dismiss (or transfer) a case when considerations of economy and convenience show another forum is better suited to hear it. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994). This doctrine of *forum non conveniens* applies "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)) (quotations omitted); *see Am. Dredging*, 510 U.S. at 447-48.

The court ordinarily defers to the plaintiff's choice of forum. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997). The defendants carry the burden of overcoming this presumption

favoring this choice, and it is a "heavy" one. *In re Hudson*, 710 F.3d 716, 718 (7th Cir. 2013); *see Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016) (*forum non conveniens* is an "exceptional" doctrine). The choice of forum made by Mr. Lyons cannot be disturbed unless the balance of relevant factors tilts strongly in the defense's favor. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Deb*, 832 F.3d at 806. That said, the court may dismiss under *forum non conveniens* when (1) an alternative forum is available and adequate, and (2) dismissal would serve both the private interests of the parties and the public interests of the fora, *see Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enter. Fund*, 589 F.3d 417, 421, 424 (7th Cir. 2009), though the overriding focus remains convenience, *Piper Aircraft*, 454 U.S. at 241.

    A.    *Mexico Isn't an Available and Adequate Alternative Forum on this Record.*

An alternative forum must be available and adequate. *Stroitelstvo*, 589 F.3d at 421. A forum is available when all "parties are amenable to process and within the forum's jurisdiction." *Id.* The State of Quintana Roo in Mexico presents an available forum for Hyatt Hotels and the resort. It would seem of little moment that the place where Hyatt Hotels owns property and operates a business—indeed the very business that gave rise to this suit—would provide an available forum. The affidavit from Arturo Arista Garza, a licensed attorney in Mexico since 1998, confirms this [ECF 35-1].

Mr. Lyons remains legitimately concerned about American Uro-Gynecologic Society (AUGS). In opening its motion, the defense generally says the defendants remain willing to consent but offers no statement from an authorized business representative—outside of counsel's representation that the defendants "are willing" to submit or "would consent" to Mexico's jurisdiction. These conditional statements aren't definitive consents, and such statements by trial counsel aren't inescapably binding on these parties or evidence to sustain this motion's burden. *See Associacao Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 621 (6th Cir. 2018) (rejecting same); *cf. Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015) (Hungarian court available when Austrian bank's chief legal officer consented to jurisdiction in a sworn declaration).

A forum is adequate "when the parties will not be deprived of all remedies or treated unfairly." *Kamel*, 108 F.3d at 803. To find an alternative forum inadequate, the court must conclude that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Fischer*, 777 F.3d at 867 (quoting *Piper Aircraft*, 454 U.S. at 254). An unfavorable change in law alone doesn't make a forum inadequate. *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 956 (7th Cir. 2007). Mexican law provides a remedy. Both federal and state civil codes in Mexico authorize damages for tortious acts. It is fault-based and grounded in negligence terms.

The chief debate concerns the statute of limitations. Mr. Lyons filed this action seemingly with two days to spare (a February 21, 2019 injury and a February 19, 2021 lawsuit). Mr. Lyons says a dismissal today would cause him to lose his case in Mexico without time to refile. The defendants say this is a result of Mr. Lyons' own making by delaying his complaint.

These arguments require some clean up. This case isn't the result of Mr. Lyons sitting casually on his hands before filing suit with two days to spare. He was in active negotiation with one of the insurers (AIG), provided medical information for its consideration, signed releases for additional records, and sought a settlement. He worked with a resort representative in February 2019 to process a claim, provided medical history to AIG in April 2019, provided additional medical history after treatment in July 2020, and provided releases of medical information in August 2020. Without response thereafter, he contacted AIG in January 2021, but its representative said the statute of limitations had already run. Why she did so isn't clear, but the statement was wrong. Mr. Lyons thereafter consulted counsel in February 2021 who promptly sorted out the timing issue and filed suit.

Though Mr. Lyons might have pursued AIG more promptly, even after the summer 2020, it would be grossly unfair to characterize the timing of suit as entirely his making or entirely unreasonable or strategic. This isn't a situation in which he dillydallied and waited until the statute of limitations ran in the alternative forum only to file suit in his preferred forum (with a longer limitations period) so he

3

could strategically argue that the other forum was inadequate. *Yao-Wen Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010). Nor is this a situation in which the statute of limitations would seemingly bar the suit because the same time limitation—whether Mexico or Indiana—would apply whether the suit remained here or began in Mexico. *See id.* at 737. He attempted resolution outside court and filed suit only when it proved necessary.

"Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). In this country, that protection in the federal scheme appears in the court's ability to transfer rather than dismiss a case, *see* 28 U.S.C. §§ 1404(a), 1406(a), and that protection in state systems is preserved through transfer orders or savings statutes, *see Burnett*, 380 U.S. at 430-32. Extrajurisdictional transfer to another country isn't an option today. But that same principle of fairness ensconced in the American justice system cannot be abandoned merely because the argued convenient forum is in another country. Once more, the defense has not elected to provide evidence that it has waived the statute of limitations. The defense's expert on Mexican law confirms it is waivable under federal and state law in Mexico.

In short, Mexico isn't an available and adequate forum on this record. The defense has not provided the necessary sworn statement of authorized business representatives to establish that each defendant will accept service of process, submit to jurisdiction in Mexico, or answer to a judgment rendered there; nor has any one defendant agreed to waive the statute of limitations issue—a lingering legitimate concern. When "the plaintiff's suit would be time-barred in the alternative forum, his remedy there is inadequate—is no remedy at all, in a practical sense—and in such a case dismissal on grounds of *forum non conveniens* should be denied unless the defendant agrees to waive the statute of limitations in that forum and the waiver would be enforced there." *Yao-Wen Chang*, 599 F.3d at 736. Of course, the court may condition a dismissal on these consents across the board, *see also In re Factor*

4

*VIII*, 484 F.3d at 957 (forum available when dismissal conditioned on defendant's acceptance of service in United Kingdom), but the court remains uninclined to chase them down when the defense had notice of these concerns by the time of their reply and elected only to offer equivocal or nonbinding statements of their intent.

      B.     *The Private Interests of the Parties Favor an Indiana Forum.*

The court next weighs the private interests of the parties. *Stroitelsvo*, 589 F.3d at 424-25. Courts weigh the following private interest factors: "(1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; (4) and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008) (quoting *Gilbert*, 330 U.S. at 508) (numbers added).

The slate of witnesses presents a mixed bag, though overall the slate favors this forum rather than "strongly" tilts in favor of Mexico. *Gilbert*, 330 U.S. at 508. On liability, the golf cart driver is a Mexican citizen who reportedly speaks little English. His deposition could be procured. The defense raises the specter of employees who maintained the golf cart in Mexico, but the complaint alleges the driver raced at excessive speed, not that the cart was inappropriately maintained. The defense refers to an unknown number of resort employees who arrived on scene to provide aid, but no evidence of their identity or number (appreciating that they need not be precise at this stage). *See Piper Aircraft*, 454 U.S. at 258 ("Requiring extensive investigation would defeat the purpose of their motion."). Still, their testimony would largely be askance of liability issues if not on scene at the time of the accident, so cumulative to rather established medical testimony about the nature of Mr. Lyons' injuries. There is no mention of any lurking liability admission from Mr. Lyons on scene. *See, e.g.*, *Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir. 1999) (noting that Mexico recognizes contributory negligence as a complete defense).

On damages, the doctor who initially treated Mr. Lyons on scene works in Mexico. His deposition could be procured. Mr. Lyons initially went to a hospital in Mexico for treatment, but thereafter he returned to Indiana in February 2019 for the great balance of his treatment. He has been treated by seven physicians in South Bend, one physician in Chicago, and three physical therapists in Indiana. Testimony about his medical and economic losses will prevail over a trial that otherwise depends on testimony merely from the golf car driver (in Mexico) and Mr. Lyons (in Indiana) about the driver's speed and manner of care. Representatives of the two defendants, Hyatt Hotels and AUGS, would be located in the United States.

More witnesses reside in the United States than Mexico, and in ways more qualitatively material to this case on this record. This likewise means that the cost of procuring witnesses will be less in Indiana than Mexico. Trial or discovery depositions of Mexican residents could be procured through The Hague Evidence Convention or letters rogatory, else compulsory process would prove difficult (if not impossible) for trial in either venue. Neither side is terribly specific about anticipated documents for discovery, but the medical records will likely prove more voluminous than any contract that may have arisen from Mr. Lyons' stay at the resort—and one easily translatable as a single document—along with those from an initial hospital visit. With Hyatt Hotels already stationed in the United States, that will prove less costly to procure here. Whatever liability AUGS may conceivably have by determining and hosting the location for the medical conference, its records too exist in the United States. Add to this the relative cost of translation, and the total cost will be less here than if the suit proceeded in Mexico.

Viewing the premises or the golf cart favors no venue in truth. At most, it would involve merely one trip to view and photograph the scene and cart, if not documented and photographed because of this accident already. This could be conducted whether the case pended in Mexico or here. This may be secondary to understanding the driver's speed and manner of operation, but the premises

6

would be important to appreciating the reasonableness of his conduct. The cost of inspection is modest compared to the efficiencies lost if this case proceeded in Mexico; and the cost can be reduced by combining the trip with any of the few depositions that might be desired of a Mexican national.

Choice of law favors Mexico. The court applies Indiana's choice-of-law rules to determine whose substantive law would govern. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *Jacobs v. Thor Motor Coach, Inc.*, 474 F. Supp.3d 987, 992 (N.D. Ind. 2020). Indiana applies the *lex loci delicti* rule to choose the law for tort-based claims. *See Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). The court looks to "the substantive laws of the [jurisdiction] where the last event necessary to make an actor liable for the alleged wrong [took] place." *Id.* (citation omitted). On this record, that suggests Mexican law. *See also Spinozzi*, 174 F.3d at 844-46 (reaching same conclusion for Illinois dentist who was injured on vacation in Mexico). On the subject of negligence, this may not prove too complex a task, but this factor favors a Mexican venue. *See, e.g.*, *Fischer*, 777 F.3d at 871; *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 755 (7th Cir. 2008).

On balance, the private interest factors don't weigh the subject of convenience strongly in favor of Mexico. Choice of law favors venuing this case in Mexico, but other factors still favor venue here. In short, the defense has not met its heavy burden of overcoming the presumption that prefers the case in Indiana, *see Gilbert*, 330 U.S. at 508; *In re Hudson*, 710 F.3d at 718, or such oppressiveness and vexation exacted on the defendants that proves disproportionate to the relative conveniences or judicial efficiency, *see Piper Aircraft*, 454 U.S. at 241.

C.  *The Public Interest Factors Don't Overcome the Presumption Favoring an Indiana Forum.*

The court next considers the public interest factors. These factors include "(1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at

home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Stroitelstvo*, 589 F.3d at 425 (numbers added).

Administrative congestion remains a reality in either forum. The court has observed before that case filings are lower in this district than in certain Mexican counterparts generally, *see Instituto Mexicano Del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 518 F. Supp.3d 1258, 1269 (N.D. Ind. 2021) (basing conclusion on affidavit on Mexican law), but the parties provide no statistics specific to the State of Quintana Roo. That said, this jurisdiction would face a lower burden in obtaining discovery and translating any Spanish documents into the English than the opposite, given that most evidence ostensibly exists here. A mere negligence case, appreciating that this one would have some extrajurisdictional dimension to complicate it and that the diligence of counsel would play some role in defining the case's duration, would rarely hit the two or three-year mark before trial, at least before this presider. That suggests a prompter end date in this jurisdiction than in Mexico.

Mexico has an interest in resolving legal disputes concerning its local resorts and setting standards under its own law. *See Spinozzi*, 174 F.3d at 845; *see, e.g., Wozniak v. Wyndham Hotels & Resorts, LLC*, 2009 U.S. Dist. LEXIS 26952, 18-19 (N.D. Ill. Mar. 31, 2009). That is no less true when all other parties are citizens of the United States, though the interests of these various parties within the United States tends to lessen the weight of this factor toward Mexico. The description of Mexican law provided by Mr. Garza proves largely at home here in Indiana—a fault-based negligence system, albeit with a seeming contributory negligence defense rather than comparative fault. *See Spinozzi*, 174 F.3d at 844. Whereas the second factor favors Mexico, the third one moves the needle only marginally.

The parties haven't presented the court with anticipated conflict of laws issues or anticipated difficulties in applying negligence principles based on Mexican definition. The defense calls Indiana and Mexican tort law "vastly different;" but, according to Mr. Garza, liability would hinge on whether

a person caused damages to another because of an "unlawful" act, *see* Mexico Fed. Civ. Code art. 1910 (federal system), or "fault or negligence," *see* Quintana Roo Civ. Code art. 87 (state system). The Mexican Supreme Court has defined an "unlawful act" as one "culpable or faulty when it causes harm to another without the right to do so" or when "not conducting oneself as one should" [ECF 35-1 at 6]. The specific conduct needn't be specifically prohibited by statute, only breach the general duty to abstain from causing harm to another person [*id.*]. In fairness, these aren't concepts foreign to Indiana's own negligence system. Federal courts are often asked to resolve conflicts of laws and to apply laws outside their district. Though the court should never be so brash as to think that this will always be uncomplicated or easy, initially the record today presents only a modest reason to think that general negligence principles could not be applied here just as facilely as in Mexico.

Last, the court must consider whether a trial here will unfairly burden citizens with jury duty here or in Mexico as an unrelated forum. "Jury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation." *Am. Dredging Co.*, 510 U.S. at 448. Both venues have connections to this suit, though on balance the more meaningful and convenient connection is Indiana.

CONCLUSION

Mr. Lyons enjoys a presumption in favor of his chosen forum—to be undone only when the factors of convenience strongly weigh toward another venue. Today this record reveals no such strength in these factors pointing to Mexico, nor shows such a venue to be available or adequate. Accordingly, the court DENIES the motion to dismiss [ECF 34].

SO ORDERED.

October 27, 2021      *s/ Damon R. Leichty*
                      Judge, United States District Court