UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLTON LYONS,

        Plaintiff,

    v.

HYATT HOTELS CORPORATION *et al.*,

        Defendants.

CAUSE NO. 3:21-CV-126 DRL-MGG

OPINION AND ORDER

Carlton Lyons, a urogynecologist, was attending a medical conference at the Andaz Mayakoba Resort Riviera Maya in Mexico in 2019 when his golf cart shuttle lost control and struck some boulders. He sustained serious injuries. The defendants, Hyatt Hotels Corporation, American Uro-Gynecologic Society, Inc. (AUGS), and Andaz Mayakoba Resort Riviera Maya, ask the court to determine that the substantive law of Quintana Roo, Mexico applies to his negligence claim. Dr. Lyons argues Illinois or Indiana law. The court grants the motion—the substantive law of Quintana Roo, Mexico applies.

The court (sitting in diversity) applies Indiana's choice of law rules. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Ruiz v. Blentech Corp.,* 89 F.3d 320, 323 (7th Cir. 1996). Under Indiana law, the court must first determine whether there is a conflict between the laws of the relevant jurisdictions. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). A true conflict is one that will "affect the outcome of the litigation." *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).

In Indiana, a plaintiff may bring a tort claim if his comparative fault is less than the fault of all other persons who proximately contributed to his injury. Ind. Code § 34-51-2-6; *see Control Techs., Inc. v. Johnson*, 762 N.E.2d 104, 107 (Ind. 2002). Illinois allows a plaintiff to bring a tort action if the plaintiff is not more than 50 percent at fault for his injury. *See* 735 Ill. Comp. Stat. 5/2-1116. In contrast, Quintana

Roo uses a contributory negligence standard, meaning any contributory fault by a plaintiff will bar a recovery [80 at 26 (¶ 14) (citing the law of Quintana Roo)].

Furthermore, though Indiana and Illinois allow recovery for punitive damages and pain and suffering damages in certain circumstances, *see Yost v. Wabash College*, 3 N.E.3d 509, 514 (Ind. 2014); *Gary Cmty. Sch. v. Lardydell*, 8 N.E.3d 241, 251 (Ind. Ct. App. 2014); *Jefferson v. Mercy Hosp. & Med. Ctr.*, 97 N.E.3d 173, 187-88 (Ill. Ct. App. 2018); *LaSalle Nat'l Bank v. Willis*, 880 N.E.2d 1075, 1090 (Ill. Ct. App. 2007), it seems Quintana Roo forecloses punitive damages or pain and suffering damages [80 at 26 (¶ 15)]. These differences present true conflicts that prompt a choice of law analysis.

When a choice of law conflict exists, Indiana presumptively applies a traditional *lex loci delicti* rule in tort cases whereby the substantive law of the place of the wrong governs the action. *Simon*, 805 N.E.2d at 805. The place of the wrong is the jurisdiction "where the last event necessary to make an actor liable for the alleged wrong takes place." *Id.* In tort, that is "the place where the injury or death was inflicted and not the place where the allegedly wrongful act or omission took place." *Shaw v. LDC Enters.*, 863 N.E.2d 424, 431 (Ind. Ct. App. 2007).

That said, this presumption may be overcome "if the court is persuaded that the place of the tort bears little connection to this legal action." *Simon*, 805 N.E.2d at 805 (quotations omitted). There must be a showing that the place of injury is an "insignificant contact." *Hubbard*, 515 N.E.2d at 1073. If that showing is made, the court will consider other factors, such as the place where the negligent conduct occurred, the parties' residence or place of business, and the place where the relationship is centered. *Id.* at 1073-74. "This evaluation ought to focus on the essential elements of the whole cause of action, rather than on the issues one party or the other forecasts will be the most hotly contested given the anticipated proofs." *Simon*, 805 N.E.2d at 805. Only "rare" cases will feature a place of tort that is insignificant to the action. *Id.* at 806; *see also Hubbard*, 515 N.E.2d at 1073 ("In a large number of cases, the place of the tort will be significant and the place with the most contacts.").

*Simon* illustrates a rare case. A plane flew over multiple states and crashed in Kentucky, though "the crash might have occurred anywhere." *Id.* at 806. The negligent acts leading to the crash (negligent air traffic controllers and inaccurate charts) occurred in Indiana and the District of Columbia, and none of the victims or parties was a resident of Kentucky. *Id.* Likewise, in *Hubbard*, 515 N.E.2d at 1074, the place of injury (Illinois) was insignificant in a wrongful death action based on a manufacturing defect. All the parties were Indiana residents and the defective lift at issue was manufactured in Indiana. *Id.* Though the decedent happened to be working in Illinois at the time the defective lift failed and caused his death, this had no relation to the manufacturing defect claim. *Id.* As counternarrative, in *Klein v. DePuy, Inc.*, 506 F.3d 553, 556 (7th Cir. 2007) (applying Indiana's choice-of-law rules), the place of the tort was significant because it was also the place where the victim lived, worked, and received his medical treatment.

The second amended complaint alleges that AUGS invited Dr. Lyons to a medical conference hosted by AUGS at the Resort in Quintana Roo, Mexico [11 ¶¶ 16, 20]. AUGS contracted with Hyatt to set up the conference [89 at 40-51 (Ex. E)]. Hyatt owns and operates the Resort [11 ¶¶ 21-22]. Dr. Lyons paid all three defendants for his stay [*id.* ¶ 24]. Hyatt and the Resort shuttled him to a restaurant located on the Resort's property [*id.* ¶ 25]. An employee of Hyatt and the Resort drove the shuttle [*id.* ¶ 27]. As alleged, the driver drove at excessive speeds, lost control, and hit a boulder, resulting in serious injuries to Dr. Lyons that ended his medical practice [*id.* ¶¶ 28-29]. His treatment occurred primarily in Indiana and Illinois [42-1 ¶¶ 7-11]. He is an Indiana citizen [11 ¶ 1]. Hyatt is a citizen of Delaware and Illinois (Hyatt's headquarters), and the Resort operates in Quintana Roo, Mexico [*id.* ¶¶ 2, 5-6]. AUGS is a citizen of California and Maryland [*id.* ¶¶ 7-8].

Hyatt's vice president of risk management, Jennifer Pack, says Hyatt's hotels are required to follow technical standards [89 at 20-21 (Tr. 30-31)]. The Resort's general manager reports to Hyatt [*id.* 24 (Tr. 9)]. He was trained in Chicago and Costa Rica [*id.* 25 (Tr. 14)]. He says his training, written materials, and standards for running the Resort all came through Hyatt [*id.* 27-28 (Tr. 16-17)]. Hyatt also performs

safety inspections of the property [*id.* 31 (Tr. 22)]. Hyatt publishes a manual for the Resort on the operation of golf carts [*see id.* 36-39 (Ex. D)]. The general manager reported Dr. Lyons' incident to Hyatt and changed the direction of the golf cart path to travel at an incline rather than a decline [*id.* 32-33 (Tr. 41, 54)]. That said, Hyatt's policies say that the "ultimate responsibility" for safety and security "lies with the General Manager" [*id.* 13 (Ex. A. at 11)].

The defendants argue that several contacts relevant to this action lie in Quintana Roo: the negligent conduct (the driving) occurred there, the four parties convened there for the conference, and the injury occurred there. The defendants also note that Dr. Lyons received his initial treatment there. Dr. Lyons argues that one of two other states—Indiana or Illinois—have a greater connection to this action, as Illinois-based Hyatt had control over the Resort's design and safety standards, which may have contributed to the scope of negligence here. Dr. Lyons also contends that he experienced the impact of his injury the most through his lost clients in Indiana, and that the center of the parties' relationship runs through Illinois-based Hyatt.

Quintana Roo is not insignificant to the action. At a broad level, two argued negligent acts drive this case—the standards (or lack of them) set by Hyatt and the golf cart driving. The heart of it—the golf cart driving—occurred in Quintana Roo. In truth, this was not just the place of injury but the place where the last negligent act (as alleged) occurred. *See Simon*, 805 N.E.2d at 805; *Shaw*, 863 N.E.2d at 431. The Resort (Hyatt) had a duty to Dr. Lyons there, and that duty was allegedly breached there. Dr. Lyons was initially treated for his injuries there. The one place drawing these four parties together is Quintana Roo.

Though certain safety precautions and decisions may have been made in Hyatt's Illinois headquarters, the implementation of these policies and their alleged subsequent breach occurred in Quintana Roo. That is where Hyatt acted in some measure, and certainly where the effects of its decisions or policies saw their natural end through the actions of those at the Resort.

"People do not take the laws of their home state with them when they travel but are subject to the laws of the state in which they act." *Simon*, 805 N.E.2d at 807. Commonly a negligence action has three elements: a "duty owed to plaintiff by the defendant; breach of duty by allowing conduct to fall below the applicable standard of care; and compensable injury proximately caused by defendant's breach of duty." *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017) (numbers omitted). Through this lens, Quintana Roo cannot be characterized as insignificant. This isn't the case in which the place of injury is mere happenstance. *See Hubbard*, 515 N.E.2d at 1074; *Simon*, 805 N.E.2d at 806. Illinois or Indiana may have some bearing on this action, but the court begins and ends with whether Quintana Roo is insignificant. It isn't. The law of Quintana Roo, Mexico thus applies to this negligence claim.

That leaves a motion to strike two lines of evidence used by Dr. Lyons. "Motions to strike are heavily disfavored, and usually only granted in circumstances [when] the contested evidence causes prejudice to the moving party." *Rodgers v. Gary Cmty. Sch. Corp.,* 167 F. Supp.3d 940, 948 (N.D. Ind. 2016). Dr. Lyons offers evidence of control that takes the changed direction of the golf path measurably outside the prohibition in Rule 407. *See* Fed. R. Evid. 407. Dr. Lyons also offers a proposed Rule 702 opinion that has no effect on the result today, even in considering it, so the court need not decide the working contours of reliability or helpfulness. *See* Fed. R. Evid. 702. The court denies the motion to strike.

Accordingly, the court GRANTS the motion for a determination that the laws of Quintana Roo apply [78] and DENIES the motion to strike [91].

SO ORDERED.

February 21, 2024                         <u>*s/ Damon R. Leichty*</u>
                                          Judge, United States District Court